312364 Country Mutual Insurance Company Accounted by Peter Morris v. William Molburg Adderall, Appalachia by John Kimball Mr. Morris Good afternoon Good afternoon, Your Honors and Counsel Your Honor, as you know from looking at our briefs it's the Country Mutual's position that their personal umbrella policy doesn't provide coverage to Mrs. Molburg for this defamation claim that was brought against her by her employer The personal umbrella policy excludes coverage for any personal injury such as defamation that arises out of any business pursuit The complaint, which is attached to the motion it's very detailed, it starts out in the first few pages with a lot of facts and as alleged expressly is arising out of her business pursuits It alleges that she was a general manager of Haley Mansion It alleges that she told her employees that she was managing that the owner was videotaping them there and was saying vile things about these employees It alleges that they all had quit their employment It alleges that her conduct was in breach of her fiduciary duties owed to her employer as the general manager The complaint then even goes further than alleging all those specific business facts to even alleging the motivation of all of her conduct in her allegedly defamatory statements It says her motivation was to either preempt her termination I'm not quite sure how that would happen or to retaliate for her anticipated termination and to destroy her employer's business That's what the complaint says in the first two pages of the complaint which lay out the facts of this lawsuit the underlying lawsuit All of those allegations are business They're all arising out of her business pursuits This is not a situation where an insurer defamed a neighbor or defamed a fellow church member or some other non-business related situation This is a situation where she defamed her employer Does the complaint allege a business relationship or profit-sharing relationship between her employer and the employee? It doesn't allege that Does the policy define business? It does define business I didn't write it down It's any It includes an occupation Any gainful employment Gainful employment Does the policy define business pursuit? Just business Pursuit is where I don't think it needs to be defined The case law defines business pursuits Very broadly Some of the cases just say rising out of or originating from a business And we've cited cases where one partner slugged the other partner That's where they share partnership profit-sharing I presume And the case law says I think that a business pursuit is a continuous or regular activity done for the purpose of returning a profit Clearly, it's her business to be employed She's the general manager Gainful employment And clearly, if you were insuring him it's his business pursuit because he's profiting from running the mansion Correct But I'm not sure it's her business pursuit Did the judge speak to that? Well, these cases that we cited The daycare cases where someone's making $2 or $3 an hour That's their business pursuit The Illinois cases don't say it has to be a lot of money you made They don't get into how much money Anything There's even a case where the mayor was donating his small mayor salary back to a charity And so he's not actually making money But they say, well, what you do with the money is your choice Any gainful employment Any intent to earn a living earn any income off this activity is a business I agree But whether it's a business pursuit I'm struggling with just a little bit Well, she's pursuing that business She's working as a general manager full-time Has four, five employees that she supervises And all six of them quit because of the alleged Okay, I'm just coming at this Not all of us have the record and the policy, etc. So we have to go by the briefs An ordinary person in the street would say She's an employee She's engaged in the business of being a general manager of Haley Mansion She's engaged in the employment of being an employee I mean, she doesn't own it And the policy, following up on Justice Holdridge's observation is the policy says what's excluded is business pursuit of any insured If it was just business pursuit of anybody then that seems broad enough to encompass what was going on here It has to be her business pursuit And here's the definition I found It's on page four A business means any gainful employment trade, occupation, or enterprise other than farm I agree, it's her business So it doesn't have to be a business she owns that she gets the profits from It's in four of the policy It's on page four of the In the complaint, the preparatory judgment it's page four So for purposes of your argument you're equating business equals business pursuit There's no difference Business is any occupation, trade, job and pursuing it is something you're going to pursue that And she's pursuing it I mean, she's working there So it's business pursuit I understand your argument No, I understand your argument But the allegations that are made about the defamation other than they are people with whom she worked with The allegations don't have anything with her being the general manager I mean, they're not saying that Mr. Beeseen told me to serve outdated food or produce or something rotten or something tainted They didn't deal with the business itself Did they? Well, I think they did deal with the business I mean, she's saying to these waitresses that your boss is spying on you with cameras that he's saying vile, sexual things about you That's exactly her job She's the manager of these five employees That's clearly within the business pursuits of a general manager of a restaurant It's not like she said Did you hear that the boss dabbles in the occult or something? Completely unrelated She's defaming him directly into his business of running this restaurant and to the employees who make that business run It's not something that's unrelated to the business Everything she says is business related as to what he's doing there at the Haley Mansion You hear he's a race car driver on the weekends She's defaming him Obviously, saying crude things or videotaping the ladies' room or the bridal suite What does that have to do with the operation of that business? She was saying he is not paying your FICA tax That's directly related to the business pursuit I guess I'm trying to tie in What is it that she's saying that's business related? That is, he's telling people that you spit in the drinks Is that where you think that the judge erred? That seems to be what she relied on in the trial court saying that it wasn't business related language or speech per se She seemed to say that and we think she was wrong in doing that The only two specific allegations are he's videotaping you secretly and he's saying vile things about your employees She's telling the employees about bad conduct that their boss is committing upon them Was it part of her job description to report to the Joliet Police Department that there were cameras in the business? I'm sure that was not part of her job description By the way, when I videotape my employees make sure you tell the police So that's one of the defamatory statements We say in our brief just because you then after you've defamed your employer you then quit and then you repeat the defamation doesn't now get this outside the business pursuit The thing still arose out of your business pursuit The only reason you knew this guy the only reason you defamed this guy is because he's your boss and you're defaming him to your fellow employee Did she make these statements outside of the scope of employment to anybody else other than an employee? Well, maybe the police department That could be I don't know when the timing of that was I didn't say when Presumably it was after she quit because they all quit the same day There's a case American Alliance cases came up about post-termination conduct and the court goes you can't just change it now as you continue something Post-employment doesn't avoid the exclusion in this case the business I continue to struggle with the business pursuit  it doesn't say business operating out of a business that's business pursuit So the rising out of a business pursuit And if she was operating a bed and breakfast on the side and she made these comments to steal clients away well then I can see how that's out of her business pursuit but this seems to be Does it arise out of her employment? That's what her business is And that's what goes back to me saying I think you're equating the definition of business which is gainful employment with business pursuit and I'm not sure that the case law allows my feeble brain to do that Let's just take the word business because it's defined as including employment for occupation She's pursuing her employment She's pursuing her occupation when she's working at Haley Mansion and her defamation arose out of her pursuing her employment at Haley Mansion But as you pointed out funny way to pursue your employment by calling the police It all arose out of or as the Smiley case says originated from or sprung up from her business, her occupation her employment at Haley Mansion That's all I have I think the complaint is very clear It's all about business The policy is a personal umbrella policy It excludes any claim arising out of your business We ask if you're honest to refer us to the trial court and to enter judgment of pleadings in favor of the country mutual Finally there's no duty to defend her in this lawsuit by her employer Thank you Is it Kindwald? Thank you Mr. Kindwald? Yeah, Kim Wald I'm sorry, but at this late hour Kindwald sounds so much nicer Just like your limo work Good afternoon, Justice Please record, counsel I'm here today on behalf of Julia Mulberg to ask that this court affirm the decision of the trial court granting judgment on the pleadings in favor of Julia Mulberg and against the country mutual The question is, was Julia Mulberg at the time of the defamation both pre-termination and post-termination defamations was she engaged in a business pursuit at those times She was clearly the manager These are alleged defamations, right? I'm sorry? The alleged defamations The alleged defamations, exactly You said defamations, I thought you were making an admission No, absolutely not The alleged defamations She was the manager of Haley Mansion Her business was not to defame the company That was not part of what she did The country mutual policy only defines, as your honor pointed out business It doesn't define business pursuits The business pursuits is defined by the metropolitan property and casualty versus transit case and that stands for the proposition you look at the time of the incident to see whether the claim gives rise to coverage, i.e. when the tort occurred In the Marco Giancana's case talks about business pursuit being a continuous or regular activity done for the purpose of earning a profit She wasn't a partner, she was simply an employee She made statements to her co-workers based on what she believed was going on at the time spying on the brides comments sexually based comments That wasn't part of her job That is not a business pursuit Frankly, we don't believe that the term business equals business pursuits. Country Mutual drafted the policy. If they wanted business to mean the same thing as business pursuit they could have put it in the policy If there's an ambiguity in the policy it's construed against Country Mutual and not against Ms. Molberg The case is all cited by the parties that talk about whether an insurer is involved in a business pursuit has partners having a fight or somebody is collecting rent for the condominium association That's truly what a business pursuit is Somebody that's doing something that's going to benefit them It's a continuous or regular activity done for the purpose of earning a profit That's not what Julian Molberg was involved in The American Alliance case, while it talks about post-termination defamations these were post-termination defamations made by an insurer at the time that they were conducting the business This is where the manager and the front office manager were making defamatory comments against an employee that they had gotten rid of, which is the opposite of what we have here We don't believe that the holding that says business pursuit can continue post-employment has any applicability to this case Again, the question is what was Ms. Molberg doing at the time of these defamations? Was she involved in a business pursuit? It's our position that for all the reasons we set forth in our brief, that she was not and we'd ask this court to affirm the trial court's decision Thank you Thank you very much Mr. Morris A few brief comments on this issue this argument that your conduct has to be you have to be actually engaged in your business when you're doing this aspect of business beneficial conduct Well that's the case that we've cited like the partner who hit his partner His business was not to hit his partner it's to run his business The condo owner who got in a fight with the association manager his job was to rent that apartment out and collect rents, not to get into a fight with the association even the babysitting case their job is not to injure the child, obviously So the courts don't look at that they see, did it arise out of did it spring from, like the Smiley case did it originate from their business which is anti-gainful employment This is clearly her gainful employment it clearly arose out of that Thank you Thank you We will be taking the matter under advisement recessing for a very brief period of time for a panel change